UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DENNY GONZALEZ, on behalf of himself, and all     CASE NO.: 21-CV-01347 (ER)
FLSA Collective Plaintiffs and the Class,

        **Plaintiff,**

-against-

HANOVER VENTURES MARKETPLACE LLC,
d/b/a LE DISTRICT, JOHN DOE COMPANY 1,
d/b/a HPH HOSPITALITY, PAUL LAMAS,
PETER A POULAKAKOS, NICOLAS ABELLO,
and DAVID COUCKE,

        **Defendants**
-------------------------------------------------------------X

---

# DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL

# COLLECTIVE CERTIFICATION AND FOR COURT FACILITATION OF NOTICE

---

THE LAW OFFICES OF WAYNE KREGER
Wayne S. Kreger, Esq.
SDNY Bar No.: WK2868
424 Madison Avenue, Suite 300
New York, New York 10017
Phone: (212) 500-3270
Fax:    (212) 500-3271
E-Mail: wayne@kregerlaw.com

# TABLE OF CONTENTS

I. INTRODUCTION……………………………………………………………………………...1

II FACTUAL BACKGROUND………………………………………………………………….2

III LEGAL STANDARDS…………………………………………………………………………3

IV ARGUMENT……………………………………………………………………………………7

    1. <u>This Motion Should be Denied Because it is Overbroad and Improperly and Without Evidence Seeks to Conditionally Certify a Class of Employees from More Than One Dozen Entities with Whom Plaintiff has No Relationship</u>………………7

    2. <u>Plaintiff Has Failed To Demonstrate A Reasonable Basis For His Claim That There Are Similarly Situated Employees Who Have Been Denied Overtime Pay</u>……………………………………………………………………………………......10

    3. <u>Plaintiff Has Irremediable Conflicts with Putative Plaintiffs Because he is Also Suing Defendants for Damages Under Three Individual Discrimination Causes of Action, and Plaintiff Was Also Terminated for Disciplinary Reasons</u>…………………11

V. CONCLUSION……………………………………………………………………………11

# TABLE OF AUTHORITIES

CASES

*Cohen v. Allied Steel Buildings, Inc.*
    554 F. Supp. 2d 1331, (S.D. Fla. 2008)……………………………………………….10

*Fasanelli v. Heartland Brewery, Inc.*
    516 F. Supp. 2d 317 (S.D.N.Y 2007) …………………………………………………..8

*Green v. Harbor Freight Tools USA, Inc.*
    888 F. Supp. 2d 1088 (D. Kan. 2012) ………………………………………………....5

*Guillen v. Marshalls of MA, Inc.*
    750 F.Supp. 2d 469, 474-75 (S.D.N.Y. 2010) ………………………………………4,6

*Hoffman v. Sbarro, Inc.*
    982 F. Supp. 249, 261 (S.D.N.Y. 1997)………………………………………………..6

*Hoffman-La Roche Inc. v. Sperling*
 493 U.S. 165, 169 (1989)……………………………………………………..………4,5

*Jenkins v. TJX Cos. Inc*.
 853 F. Supp.2d 317 (E.D.N.Y. 2012). ……………………………………………………4

*Johnson v. Big Lots Stores, Inc*.
 561 F. Supp. 2d 567 (E.D. La. 20080)………………………………………….....5

*Lynch v Unites Services Auto Ass'n*.
 491 F. Supp.2d 357 (S.D.N.Y 2007) …………………………………..……9

*Morgan v. Family Dollar Stores, Inc*.
 551 F.3d 1233 (11th Cir. 2008) …………………………………………………....10

*Myers v. Hertz Corp.*
 *624 F.3d at 555* (2nd Cir.2010)…………………………………………………….4,5

*Sipas v. Sammy's Fishbox Inc*.,
 No.05-CV-10219, 2006 WL 1084556 (S.D.N.Y Apr. 24, 2006)………………………9

*Wal-Mart Stores, Inc. v. Dukes*
 131 S. Ct. 2541, 2550-1 (2011)……………………………………………………...6

*Warman v. Am. Nat'l Standards Inst*.
 193 F. Supp.3d 318, 323 (S.D.N.Y.2016). ……………………………………………..5,6

*White v. Osmose, Inc*.
 204 F. Supp. 2d 1309, 1314 (M.D. Ala. 2002)……………………………………….…10

## STATUTES

29 U.S.C. §§ 201………………………………………………………………………….3

29 U.S.C. § 203……………………………………………………………..……..passim

29 U.S.C. § 216(b)…………………………………………………………..……..passim

FRCP 23(a)(2)……………………………………………………………………….6,11

New York State Labor Law §196-b……………………………………………….3,4

## EXHIBITS

*Exhibit "A"*……………..…………………..First Amended Complaint, Docket 22 ("FAC")

*Exhibit "B"*…Plaintiff's Responses to Request for Production of Documents, Document Bates 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DENNY GONZALEZ, on behalf of himself, and all
FLSA Collective Plaintiffs and the Class,

        **Plaintiff,**

-against-

HANOVER VENTURES MARKETPLACE LLC,
d/b/a LE DISTRICT, JOHN DOE COMPANY 1,
d/b/a HPH HOSPITALITY, PAUL LAMAS,
PETER A POULAKAKOS, NICOLAS ABELLO,
and DAVID COUCKE,

        **Defendants**
------------------------------------------------------------X

CASE NO.: 21-CV-01347 (ER)

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION AND FOR COURT FACILITATION OF NOTICE**

      Defendants HANOVER VENTURES MARKETPLACE LLC, d/b/a LE DISTRICT, JOHN DOE COMPANY 1, d/b/a HPH HOSPITALITY, PAUL LAMAS, PETER A POULAKAKOS, NICOLAS ABELLO and DAVID COUCKE ("Defendants") hereby Oppose Plaintiff DENNY GONZALEZ's ("Plaintiff") Motion for Conditional Collective Certification and for Court Facilitation of Notice.

**I**

**INTRODUCTION**

      Plaintiff's Motion for Conditional Collective Certification is a hopelessly flawed attempt to fish from the ponds of various other entities that are totally unrelated to Plaintiff in hopes of dramatically increasing the pool of potential plaintiffs to whom notice will be sent in a bid for a larger and more intimidating case. Fatal to this attempt is Plaintiff's own admission in his First Amended Complaint wherein he himself alleged that he only worked for Defendants' L'Appart restaurant at Le District [**First Amended Complaint, Docket 22** ("FAC") at ¶¶ 35 & 36, Page 14, *Exhibit "A"*] and similarly, the sole earnings statement produced by Plaintiff in discovery also confirms that he only worked for L'Appart [Plaintiff's Responses to Request for Production

1

of Documents, Document Bates 2, *Exhibit "B"*]. Defendants confirm that Plaintiff only worked at L'Appart. [**Lamas Declaration**, ¶ 4].

As such, it does not matter how many other restaurants, cafes, grocers or kiosks are maintained within the Le District hall, since Plaintiff never worked for any of them. Each such establishment has a separate and distinct management team, supervisors, staff, department payroll, culinary offerings, location, service philosophy and CAMIS Number (New York City Department of Health license and permit) thus Plaintiff cannot serve as the class representative for any business other than L'Appart [**Lamas Declaration**, ¶ 3]. Does Plaintiff seriously suggest that his work as a server at the Michelin-starred L'Appart restaurant aligns him as similarly situated to non-tipped employees of the grocery market within Le District? It would be like an employee of the Gucci department of Saks Fifth Avenue trying to sue not just Gucci but also Louis Vuitton and every other brand that has its own individual and independent section within the store envelope.

Plaintiff's Motion is an example of classic overreach and Defendants therefore urge the Court to Deny Plaintiff's Motion for Conditional Collective Certification with respect to all of the entities besides L'Appart, and then to separately determine Plaintiff's fitness to be able to adequately represent the interests of other L'Appart employees in light of the clear conflict of interest raised by his three individual Discrimination causes of action in the FAC [**FAC** at ¶¶ 81-118, Page 21-26, *Exhibit "A"*].

## II

## FACTUAL BACKGROUND

Le District is a 20,000-square foot, multi-experiential food and beverage hall located in Battery Park. The hall includes over a dozen individual restaurants, cafes, grocers and kiosks with both indoor and outdoor seating. The store anchors the Brookfield Place mall and is owned

by Defendant Hanover Ventures Marketplace and numerous individual investors [**Lamas Declaration**, ¶ 1].

Like all restaurants in New York, Le District closed on March 22, 2020 as a result of Covid-related governmental shutdown orders and has only recently reopened. The size and overhead of the restaurant, especially the onerous lease which has not been able to be renegotiated, made even outdoor seating untenable without full capacity and all employees were laid off during the shutdown. This has resulted in a financial disaster for the owners and investors given the millions of dollars they've invested in the buildout of the hall, and the landlord has now terminated the lease due to millions of dollars in back rent being owed, with the eventual result being the closure of the business [**Lamas Declaration**, ¶ 2].

L'Appart, where Plaintiff worked as a server, is a Michelin-star restaurant located at the chef's apartment, located inside of Le District, with a monthly changing, season driven cuisine. There is no overlap between L'Appart and any of the other entities located under the Le District roof, and Plaintiff never worked for any other entity during his employment at L'Appart. To argue otherwise, without any evidence, stands in contrast to the sworn declaration of Defendants' Chief Financial Officer and Member Paul Lamas, who would know better than anyone [**Lamas Declaration**, ¶¶ 3&4].

### III

### LEGAL STANDARDS

Plaintiff has alleged in his Complaint that Defendants have violated the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 et. seq. (hereinafter "FLSA") and New York Labor Law (hereinafter "NYLL"), and is seeking unpaid wages for himself and all other non-exempt employees of the various establishments within Le District, all but one of which he has no affiliation with. In particular, Plaintiff's Complaint alleges Defendants failed to pay non-exempt

3

employees: (1) proper overtime premium payment under the FLSA and NYLL; (2) proper minimum wage payment under the FLSA and NYLL; and (3) the spread of hours premium under NYLL.

In this Motion Plaintiff seeks: (1) conditional certification of the FLSA claim as a representative collective action pursuant to FLSA, 29 U.S.C. § 216(b); (2) Court facilitated notice of this FLSA action to non-exempt employees, including a consent form (opt-in form) as authorized under the FLSA; (3) approval of the proposed FLSA notice of this action and the consent form; (4) production in electronic format of names, title, compensation rate, last known mailing address, alternate addresses (if any), all known telephone numbers and dates of employment of all [non-exempt] employees; and (5) posting of the Notice, along with the consent forms, in Defendants' place of business where non-exempt Employees are employed during regular business hours.

Employees who have not been paid overtime compensation as required by the FLSA may bring a civil action against their employer to recover wages due on their own behalf and on behalf of "other employees similarly situated." 29 U.S.C. § 216(b). A proceeding brought under Section 216 is traditionally referred to as a "collective action." *Jenkins v. TJX Cos. Inc.*, 853 F. Supp.2d 317, 320 (E.D.N.Y. 2012). Although the FLSA itself does not prescribe the process for collective action approval, "district courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989). Orders authorizing notice to potential collective action members are often referred to as orders conditionally "certifying" a collective action, **even though the FLSA itself does not mandate certification**. See, e.g., *Myers v. Hertz Corp., 624 F.3d at 555* (2nd Cir.2010) n.10; *Guillen v. Marshalls of MA, Inc.*, 750 F.Supp. 2d 469, 474-75 (S.D.N.Y. 2010) [emphasis added].

The dissemination of notice in an FLSA collective action is a "case management tool" that courts may employ in "appropriate cases," **where notice will facilitate swift and economic justice**. *Myers*, 624 F.3d at 555 (quoting *Hoffman-La Roche, Inc.*, 493 U.S. at 169) [emphasis added]. Courts in the Second Circuit apply a two-step process when deciding whether to certify a collective action under 216(b); *Myers*, *supra*, 624 F.3d at 554-55 (advising that the two-step process is "sensible," though noting that the process is not required by the terms of the FLSA or the Supreme Court's cases). First, the Court evaluates whether there are other potential plaintiffs "similarly situated" to the named plaintiff(s) with respect to the alleged FLSA violation such that court-authorized notice would be appropriate to alert others to the action so that they may opt-in and so that the Court can efficiently manage common discovery and resolve common issues in one proceeding. *Id.*; see also *Warman v. Am. Nat'l Standards Inst.*, 193 F. Supp.3d 318, 323 (S.D.N.Y.2016). Second, following discovery, the Court reconsiders its preliminary determination as to whether the opt-ins and named plaintiffs are, in fact, similarly situated and may "de-certify" the collective if it finds that individual issues preclude resolution on the merits as to all members of the collective as a whole. *Myers*, *Supra*, 624 F.3d at 555.

"Defendants cannot be expected to come up with 'representative' proof when the plaintiffs cannot reasonably be said to be representative of each other." *Johnson v. Big Lots Stores, Inc.*, 561 F. Supp. 2d 567, 587 (E.D. La. 20080; *Green v. Harbor Freight Tools USA, Inc.*, 888 F. Supp. 2d 1088, 1104 (D. Kan. 2012) (decertifying class where "deposition testimony shows that it is not possible to develop common testimony from the Store Managers regarding their daily responsibilities and duties, or the weight given their recommendations regarding hiring, firing and discipline").

The FLSA does not define the term "similarly situated." Courts generally require "that there be a factual nexus between the claims of the named plaintiff and those who have chosen [or

5

might potentially choose] to opt-in to the action." *Warman*, *Supra*, 193 F.Supp.3d at 323 (internal citation omitted). At the conditional certification stage, "[t]he relevant issue is not whether the named plaintiff and potential opt-in plaintiffs are identical in all respects, but, rather, whether they all allegedly were subject to a common employment policy that violated the FLSA." *Id*. Plaintiffs must still make "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Guillen*, Supra, 750 F. Supp. 2d at 475 (quoting *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)).

The Section 216(b) requirement that employees be similarly situated bears a resemblance to the Rule 23(a)(2) commonality requirement that there be questions of law or fact common to the class. The commonality serves a manageability concern: if there is a "common contention . . . that is capable of classwide resolution," then there is "cause to believe that all of [the class members'] claims can productively be litigated at once." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550-1 (2011). Thus this Court can examine whether it will be productive to litigate all of the opt-in plaintiffs' claims at once, or will the court need to engage in individualized inquiries due to any conflicts or individual issues of the would-be representative plaintiff. As such, the commonality requirement in a 216(b) conditional certification motion overcomes the expected argument by Plaintiff herein that 216(b) claims are immune from the Rule 23 scrutiny given the difference between opt-in and opt-out cases.

For the reasons discussed below, Plaintiffs have failed to demonstrate that any other employees of Le District's other entities are similarly situated to Plaintiff and that any such employees even at L'Appart may desire to opt in. Plaintiff's Motion for conditional certification of the FLSA collective action pursuant to FLSA, 29 U.S.C. § 216(b) should therefore be denied in its entirety or only granted in part as to L'Appart.

## IV

## ARGUMENT

This Motion should be denied for the following reasons:

A.   Plaintiff is the only named plaintiff in this case and he has only worked for one restaurant within the Le District Marketplace, L'Appart. He is thus not representative of any putative plaintiffs who worked for any of the other restaurants, bars, grocers or kiosks which are owned by some of the Defendants but are separate businesses. Defendants have denied all such allegations in the FAC, including enterprise theories, and Plaintiff has offered no evidence other than the synergistic use of websites to rebut this fact;

B.   Plaintiff erroneously categorizes the different restaurants as being within one common business known as HPH Hospitality located at "225 Liberty Street, New York, NY 5th Avenue, New York, NY 10281." [**FAC** at ¶ 9, Page 3, *Exhibit "A"*]. Defendants can report here that no such entities exist [**Lamas Declaration**, ¶ 5]; and

C.   Plaintiff also asserts three individual discrimination causes of action in the FAC against Defendants and one of its managers, which individual claims hinder Plaintiff with an unalterable conflict of interest towards any potential class, and he is thus unable to adequately represent any class of Plaintiffs on behalf of whom he is seeking to assert alleged common FLSA and NYLL claims.

1.

This Motion Should be Denied Because it is Overbroad and Improperly

and Without Evidence Seeks to Conditionally Certify a Class of Employees from

More Than One Dozen Entities with Whom Plaintiff has No Relationship

The modest factual showing contained in the FAC, discovery responses and the instant Motion fails to overcome even the most lenient standard for conditional certification. These

papers merely allege that Plaintiff was a server at L'Appart (and erroneously, one other restaurant, according to an unsupported statement in the Motion). Nowhere in the complaint or in any of the motion papers is there a single reference to any other non-exempt employees in any other job title at L'Appart or anywhere else, yet Plaintiff's motion seeks to conditionally certify a class of all of Le District's non-exempt employees regardless of where they worked or what their claims might be. Without reference to the identity or even description of even a single other non-exempt employee(s) (if any) or when and at which entity these un-named, non-exempt employees worked (if at all, or closely commensurate with the named Plaintiff), Plaintiff is at pains to allege these unidentified employees were subject to the common practices for non-managerial employees.

Conditional Collective class certification requires more than this. Not one other previous or current non-exempt employee in any job title is identified either in the FAC, discovery responses and the instant Motion as being similarly situated to the named Plaintiff for purposes of an FLSA collective class. The authority in *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317 (S.D.N.Y 2007) is heavily relied upon by Plaintiff in his motion, but it is actually most illustrative of why Plaintiff's Conditional Class Certification Motion should be denied. The Plaintiff in *Fasanelli* was a bartender at a restaurant in New York seeking conditional collective class certification under the FLSA. *Id*. at 319-320. Recognizing the requirement that the Court analyze whether Plaintiff's proposed class included individuals who are indeed "similarly situated" based upon the pleadings and affidavits, the Court stated that the Plaintiff can satisfy this burden "by making a modest showing" sufficient to demonstrate that the named Plaintiff and potential plaintiffs are similarly situated *Id*. at 321.

The court in *Fasanelli* granted the conditional collective class certification because the Plaintiff in *Fasanelli*, as opposed to the Plaintiff in this matter, satisfied a "modest showing". In

addition to detailed allegations in Plaintiff's complaint and affidavit, Plaintiff submitted Declarations of nine (9) other individuals, among which were exempt and non-exempt employees, detailing variations in time clocked, time paid and time shaving, as well as four distinct identified individuals demonstrating a failure to pay overtime premium. *Id*. at 321.

Although the evidentiary standard is lenient, it must still be met and other courts have routinely required something more than what amounts to, by this Plaintiff, one paragraph in a declaration wherein he observed nameless others working the same type of job and not receiving overtime premium. See *Lynch v Unites Services Auto Ass'n*., 491 F. Supp.2d 357 (S.D.N.Y 2007) where a putative class was found to be similarly situated by deposition testimony of five people; *Sipas v. Sammy's Fishbox Inc*., No.05-CV-10219, 2006 WL 1084556 (S.D.N.Y Apr. 24, 2006) where a putative class was found to be similarly situated by three affidavits and pleadings.

The Court should resist the temptation to let Plaintiff simply cook all of Le District's non-exempt employees together in one pot for this very reason: Plaintiff has no relationship whatsoever with Le District's other restaurants, cafes, grocers or kiosks located within the Le District hall, since Plaintiff never worked for any of them, and Plaintiff has made no showing whatsoever how employees at the other entities were paid, what their duties were and how they're claims might possibly be the same as his. Moreover, each such establishment has a separate and distinct management team, supervisors, staff, payroll, culinary offerings, location, service philosophy and CAMIS Number (New York City Department of Health license and permit) thus Plaintiff cannot serve as the class representative for any business other than L'Appart.

It would be unfair even at this early juncture to brand Plaintiff herein as similarly situated to any other non-exempt employee because their pay scale, duties, hours worked, schedules will all be different not to mention most of these entities don't even use the tip credit because grocers,

salad bars, ice cream shops and the like don't collect tips. To force Defendants to post notices in over a dozen entities unrelated to Plaintiff based on the complete lack of any showing of any relevant facts whatsoever would be a miscarriage of justice.

Plaintiff has failed to satisfy his burden of showing that other similarly situated employees, much less anyone, desire to join this lawsuit to warrant conditional certification of a employees from over a dozen entities unrelated to Plaintiff.

2.

<u>Plaintiff Has Failed To Demonstrate A Reasonable Basis For His Claim That There Are Similarly Situated Employees Who Have Been Denied Overtime Pay</u>

In order to obtain conditional class certification, a plaintiff also must demonstrate that there is a "reasonable basis" for his claim that there are other similarly situated employees. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008) (citing cases). In order to satisfy this burden, "[a] plaintiff must make some rudimentary showing of commonality between the basis for his claims and that of the potential claims of the proposed class, beyond the mere facts of job duties and pay provisions. Without such a requirement, it is doubtful that §216(b) would further the interests of judicial economy, and it would undoubtedly present a ready opportunity for abuse." *Cohen v. Allied Steel Buildings, Inc.*, 554 F. Supp. 2d 1331, (S.D. Fla. 2008) (quoting *White v. Osmose, Inc.*, 204 F. Supp. 2d 1309, 1314 (M.D. Ala. 2002)).

In *Cohen*, the plaintiffs submitted two declarations asserting that time records were not kept for "inside sales" employees and that they were not paid overtime wages. *Cohen*, supra, 554 F. Supp. 2d at 1334. The court concluded that "[t]hese conclusory statements do not rise to the level contemplated" by the settled authority. *Id*. The court also noted that "the allegations are sparse and limited to their knowledge of Defendants' operations" and did not even provide a job description. *Id*.

Once again, Plaintiff has failed to meet even this very minimal standard. One self-serving and conclusory affidavit of just the named-plaintiff is not even close to a rudimentary showing of commonality between the basis for Plaintiff's claims and that of potential claims of a proposed class. It is clear that Plaintiff is not aware of a single non-exempt employee who claims to have been improperly paid under the FLSA. To permit Plaintiff's counsel to fish for such claims is not appropriate and such a request should not be countenanced by this Court.

3.

<u>Plaintiff Has Irremediable Conflicts with Putative Plaintiffs Because he is Also Suing Defendants for Damages Under Three Individual Discrimination Causes of Action, and Plaintiff Was Also Terminated for Disciplinary Reasons.</u>

The thrust of Plaintiff's FAC seems to be his three individual discrimination causes of action against Defendants and one of its managers, which individual claims hinder Plaintiff with a serious conflict of interest with respect to any putative plaintiffs and renders him dissimilarly situated. Plaintiff's discrimination claims, even if true, will not be common to any other employees and it will be impossible for Plaintiff to represent all employees without putting his individual claims first and before any common FLSA matters. As discussed above, this Court can consider commonality at the conditional certification stage of a 216(b) action notwithstanding the differences between these cases and Rule 23 actions.

<u>V.</u>

**CONCLUSION**

Plaintiff's Motion seeks conditional collective certification as to all non-exempt employees, including waiters, runners, bussers, bartenders, cooks, line cooks, dishwashers, and porters by Defendants within the Le District Marketplace over the last six (6) years, yet the Motion makes no showing as to how Plaintiff, a server at L'Appart, is similarly situated with

11

employees at any of the other entities at Le District. Plaintiff also seeks individual claims which place in a bad position via-a-vis any other such putative plaintiffs, because he likely to place his own interests above others' when and if there is an opportunity to settle the case. There is no commonality of claims because Plaintiff is dissimilar to all other such employees, and he has individual claims which destroy his ability to represent anyone other than himself.

    Accordingly, the Court should deny this Motion and decline to conditionally certify the case as to the employees of any entity other than L'Appart, and as for L'Appart, the Court should deny the motion given the obvious conflict of interest towards any potential class, as he is thus unable to adequately represent any class of Plaintiffs on behalf of whom he is seeking to assert alleged common FLSA and NYLL claims.

Dated: August 18, 2021          **THE LAW OFFICES OF WAYNE KREGER**

                                    By: /S/ *Wayne S. Kreger*
                                    Wayne S. Kreger, Esq.
                                    Law Offices of Wayne Kreger
                                    SDNY Bar No.: WK2868
                                    424 Madison Avenue, Suite 300
                                    New York, New York 10017
                                    Phone: (212) 500-3270
                                    Fax:   (212) 500-3271
                                    E-Mail: wayne@kregerlaw.com