UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNY GONZALEZ, *on behalf of himself, and all FLSA Collective Plaintiffs and the Class,*<br><br>                                   Plaintiff,<br><br>         -against-<br><br>HANOVER VENTURES MARKETPLACE LLC,<br>       d/b/a LE DISTRICT,<br>JOHN DOE COMPANY 1,<br>       d/b/a HPH HOSPITALITY,<br>PAUL LAMAS, PETER A POULAKAKOS,<br>NICOLAS ABELLO, and DAVID COUCKE<br><br>                                   Defendants. | **Case No.:** 21-cv-01347-ER |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION**

C. K. Lee, Esq.
Lee Litigation Group, PLLC
148 West 24th Street, 8th Floor
New York, NY 10011
Tel: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff,
FLSA Collective Plaintiffs
and the Class*

i

### I. INTRODUCTION

Defendants' entire opposition to Plaintiff's Conditional Collective Certification is built around a single declaration that contradicts common sense and all the documentary evidence filed in this matter.

The Declaration of Paul Lamas claims that "[t]here is no overlap between L'Appart and any of the other dozen restaurants, cafes, grocers or kiosks located under the Le District []." Decl. Lamas ECF 30 at ¶ 5. Despite this statement, Defendants' records reveal considerable overlap between all the restaurants, café's, shops and kiosks, which comprise Le District:

1. They share common ownership. They are all owned by Defendant HANOVER VENTURE MARKETPLACE LLC. *See* Decl. Lamas ECF 30 at ¶ 1.
2. They share a common location. They are all located at 225 Liberty Street, New York, NY 5th Avenue, New York, NY 10281, within the Brookfield Place Mall. *See id.* at ¶ 1.
3. They share a single site upon which prospective employees apply to Le District after which employees are placed depending on Le District's needs. *See* Plaintiff's **Exhibit J**.
4. They share a common Human Resources Department, which manages employees. *See* Plaintiff's **Exhibit L**.
5. They share common standardized employment documents and policies. *See* Plaintiff's **Exhibit K**.
6. They share a common payroll system. *See* Plaintiff's **Exhibit F**.
7. They share a common webpage, which includes a page for booking events. *See* Plaintiff's **Exhibit G**.
8. They share social media accounts and jointly advertise. *See* Plaintiff's **Exhibit H**.

Plaintiff's moving papers provides an even more exhaustive list of all the commonalities and "overlap" between Le District's establishments. Most revealing, Defendants' opposition papers failed to produce a single document refuting any of the above assertions. This stands in contrast to Plaintiff, who supported each of the above assertions with documentary evidence. Given the abundance of unchallenged documents proving the above assertions, it is unclear to what Declarant Lamas refers with his blanket statement, "there is no overlap[.]"

**II.     THE COURT SHOULD ADOPT THE COLLECTIVE CERTIFICATION STANDARD FOUND IN *TURNER V. CHIPOTLE MEXICAN GRILL, INC.***

In Defendants' opposition, they misapply the standard necessary for a conditional collective certification. It is well settled that "the standard for conditional collective action certification is not a stringent one." *Feng v. Hampshire Times*, No. 14-CV-7102 (SHS) (JLC), 2015 U.S. Dist. LEXIS 29899, 2015 WL 1061973, at *2 (S.D.N.Y. Mar. 11, 2015); *She Jian Guo v. Tommy's Sushi Inc.*, No. 14-CV-3946 (PAE), 2014 WL 5314822, at *2 (S.D.N.Y. Oct. 16, 2014) (A low standard of proof is required at this first stage because its "'purpose …is merely to determine whether 'similarly situated' plaintiffs do in fact exist.'").

In *Turner v. Chipotle Mexican Grill, Inc.*, 123 F. Supp. 3d 1300 (D. Colo. 2015) ("*Turner I*"), a federal court convincingly demonstrated that the current majority approach to collective certification under 29 U.S.C. § 216(b) is erroneous. *Turner I* is illustrative of the proper application FLSA §216(b). In *Turner I*, Judge Kane analyzed the history and intent behind the Federal Labor Standards Act ("FLSA") § 216(b) process and concluded that there was unnecessary confusion between, and conflation of, FSLA "conditional certification" and Rule 23 "class certification." *See id.*

Properly interpreted, 29 U.S.C. § 216(b) allows the "liberalized permissive joinder of any party plaintiff 'similarly situated.'" *Id.* at 1306. The **only** statutory prerequisites for joinder of a party plaintiff to a FLSA action under § 216(b) are: (1) written consent to become a party and (2) the filing of such written consent in the court where such action is brought. *Id.* Contrary to the majority view, party plaintiffs are **not** required make any evidentiary showing that they suffered as a result of a single policy or practice to deprive them of pay for notice to be sent to prospective opt-ins. *Id.* at 1309. Rather, in view of the protective purposes of the FLSA, and pursuant to the plain text of the statute, the Court should "presumptively allow workers bringing the same statutory

claim against the same employer to join as a collective, with the understanding that individuals may be challenged and severed from the collective if the basis for their joinder proves erroneous." *Id.* Given Judge Kane's persuasive interpretation of FLSA §216(b)'s text, legislative history, and intent, Plaintiff urges the Court to follow and adopt Judge Kane's framework for collective certification.

### III. PLAINTIFF HAS MET THE MINIMAL STANDARDS REQUIRED FOR CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION UNDER THE CURRENT MAJORITY APPROACH

If the Court is not persuaded by the convincing case for permissive joinder set forth in *Turner I*, the distribution of notice to all Covered Employees should nevertheless be ordered, because the initial pleadings and preliminary evidence demonstrate that all Covered Employees are "victims of a common policy or plan that violated the law," as required by the current majority approach. *Cuzco v. Orion Builders, Inc.*, 477, F. Supp. 2d 628, 633 (S.D.N.Y. 2007) (internal quotation omitted). Based on the Complaint, Plaintiff's declaration, and the fifteen (15) exhibits appended to Plaintiff's moving papers, Defendants (i) failed to provide proper tip-credit notices to employees, (ii) required excessive non-tipped work in violation of the tip-credit, (iii) retained tips by disguising managers in the tip pool and failing to pass along tips from events, and (iv) time shaved employees by automatically deducting time for a meal break, which employees had to work through.

In the Second Circuit case, *Scott v. Chipotle Mexican Grill*, the court reaffirms the current standard at the collective certification stage, and states that even the current majority approach sets a lower bar to a collective certification than is often seen with joinder under rule 20 and rule 42. 954 F.3d 502, 515 (2d Cir. 2020) ("the FLSA not only imposes a lower bar than Rule 23, it imposes a bar lower in some sense even than Rules 20 and 42"). Moreover, the case reaffirms that, unlike

3

in motions for class certification under Rule 23, "**dissimilarities in other respects should not defeat collective treatment.**" *Scott,* 954 F.3d at 515.

Plaintiff DENNY GONZALEZ has met the low standard of proof to certify a conditional class of non-exempt employees including waiters, runners, bussers, bartenders, cooks, line cooks, dishwashers, and porters.

### A. Plaintiff Has Made a Modest Factual Showing to Support an Inference of a Common Policy That Violated the FLSA

To obtain conditional certification, Plaintiff bears the burden to make a threshold showing that he is "similarly situated" to putative class members. *See Zheng v. Good Fortune Supermarket Group (USA), Inc.,* No. 13-CV-60 (ILG), 2013 WL 5132023, at *4 (E.D.N.Y. Sept. 12, 2013). Because the "two-step" method is adopted for FLSA collective actions, the Second Circuit specifically cautioned that the standard for the first step of certification "should remain a low standard of proof because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist," *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010). Courts have repeatedly held that this burden is "minimal." *See Sobczak v AWL Indus.*, 540 F. Supp. 2d 354, 362 (E.D.N.Y. 2007); *Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 632 (S.D.N.Y. 2007). Accordingly, the only issue for the Court to consider is "whether the plaintiffs have made an adequate factual showing to support an **inference** that such a uniform policy or practice exists, and whether the locations share common ownership or management." *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 662 (S.D.N.Y. 2013) (emphasis added). The low burden of conditional collective certification requires plaintiffs to show only that there was a "sufficient indicia of the possibility of a common policy or plan." *Khamsiri v. George & Frank's Japanese Noodle Rest. Inc.*, No. 12 Civ. 0265, 2012 U.S. Dist. LEXIS 76660, at *3 (S.D.N.Y. June 1, 2012) (emphasis added). As detailed above some Courts, as may be seen in *Turner v. Chipotle Mexican Grill, Inc.*,

have held that this burden does not exist and §216(b) claimants should be treated as any other joinder would. 123 F. Supp. 3d 1300 (D. Colo. 2015).

Beyond conclusory statements, Defendants do not attempt to refute the allegations listed in Plaintiff's moving papers.

First, Defendants do not dispute that the wage notice provided by Plaintiff, which lists Plaintiff's employer as Le District was used for all employees. *See* Plaintiff's **Exhibit M**. Defendants' opposition does not contest that this wage notice which, based on its customized nature and reference to Le District as the employees' general employer, was clearly the standard notice given to all employees of Le District, not just those who worked at L'Appart. *See id*. Upon a finding that notice was improper, Defendants will have failed to show that they met all the prerequisites for the taking of a tip-credit. As Defendants do not even attempt to refute that all employees are subject to the same notice policies and practices, Plaintiff's declaration and exhibits are more than enough to show an indicia of the possibility of a common plan or practice.

Second, Defendants do not dispute that they hold catering "Buy-Out" events encompassing all of Le District, during which all of Le District's employees, including Plaintiff, worked side-by-side. Defendants' documents prove such "Buy-Out" events were offered by Defendants. *See* Plaintiff's **Exhibit E,** at p. 7 ("buyouts available for parties from 20-800 people"). Plaintiff describes a "Buy-Out" event occurring Christmas of 2018. *See* Gonzalez Decl. at ¶¶8-10. Plaintiff's declaration provides the details of this event. Plaintiff's declaration states that all employees of Le District, not just those working for L'Appart, would work together at such events. *See id*. Plaintiff's declaration establishes that during all such events, Plaintiff was able to observe and talk with other employees of Le District. *See id*. Plaintiff states in his declaration that he observed that all the tipped personnel were asked to engage in excessive non-tipped work. *See id*.

Once again, Defendants do not even attempt to address such assertions. As Plaintiff's declaration details the common violations he personally observed and about which he conversed with his co-workers, there is more than enough information to infer a common improper practice or policy.

Third, Defendants cannot dispute that they paid tipped-employees of Le District from a general fund for work at "Buy-Out" events. Such payment would presumably be distributed from a single source, the individual or company who rented Le District. Whether Le District properly remitted all earned tips to tipped employees is clearly a common question of law or fact that all tipped employees of Le District share. Moreover, Defendants own documents demonstrates that Le District had a policy of allowing back of the house employees take part in the employee tip-pool. *See* Plaintiff's **Exhibit O**. Whether this is a violation invalidating the tip-credit taken from tipped workers is a common issue of law and fact.

Fourth, Defendants' do not dispute that their time-keeping system improperly clocks out employees for a thirty-minute lunch at exactly 4 hours from when the employee signed into work, regardless of whether employees take lunch. See Plaintiff's **Exhibit P**. As Plaintiff's declaration demonstrates Plaintiff and his fellow employees frequently worked through lunch. *See* Gonzalez Decl. at ¶¶14-16. Plaintiff identifies by name other employees, who Plaintiff knows experienced similar issues. *See id.* Plaintiff's declaration details his frequent conversations with his co-workers, wherein they confirmed they were subject to the same unlawful policies as Plaintiff. *See id.* Plaintiff's declaration includes particulars such as where these conversations took place, when, and with whom. S*ee id.* Moreover, Plaintiff provides both documentary evidence supporting his allegation and his declaration in support, while Defendants do not even attempt to address this issue.

Instead of addressing the allegations in Plaintiff's complaint, Defendants make conclusory statements regarding the scope of Plaintiff's knowledge. As stated above and as detailed in Plaintiff's moving papers, Plaintiff had extensive experience and interactions with co-workers beyond the individual restaurant of L'Appart. *See* Gonzalez Decl. at ¶¶4-17. Plaintiff himself worked at Beaubourg. *See id* at ¶¶4, 12. Plaintiff met his co-worker Miguel while they were both working at Beaubourg. *See id* at ¶12. Plaintiff continued interacting with Miguel after Miguel was transferred and began working at L'Appart. *See id* at ¶12. Moreover, Plaintiff and other employees would also work catering events for Le District as a whole. *See id* at ¶¶8-10, 14-16. Finally, and despite Defendants' contention, the fact that Plaintiff's and co-worker's paystubs and earning statements remained unaffected by these internal transfers is not to be weighed against certification, but a demonstration that Defendants used a common payroll system and common pay practices.

Plaintiff's declaration and fifteen (15) exhibits are clearly sufficient to support conditional certification. Contrary to Defendants' assertions, it is well-settled that statements regarding "firsthand knowledge" such as those in Plaintiff's declaration are **<u>viewed as true</u>** for purposes of conditional collective certification motions. *See Zivali v. AT&T Mobility LLC*, 646 F. Supp. 2d 658, 662 (S.D.N.Y. 2009) ("Defendants' argument that plaintiffs' declarations are comprised of… conclusory allegations based on impermissible hearsay is of no moment" for purposes of FLSA collective certification motion); *Fasanelli v. Heartland Brewery, Inc.*, 516 F.Supp.2d 317, 321-22 (S.D.N.Y.2007); *Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54, 59 (E.D.N.Y. 2011).

Defendants' arguments against certification require a factual evaluation of the merits of Plaintiff's claims as well as credibility determinations. *See Lynch v. U.S. Auto. Assoc.*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) ("At this procedural stage, the court does not resolve factual

disputes, decide substantive issues going to the ultimate merits, or make credibility determinations."). Any merits-based argument "is an improper ground on which to base a denial of a motion to certify conditionally an FLSA collective action." *Anglada v. Linens 'N Things, Inc.*, 2007 WL 1552511 at *7 (S.D.N.Y. Apr. 26, 2007); *Shajan v. Barolo, Ltd.*, No. 10 Civ. 1385, 2010 WL 2218095, at *1 (S.D.N.Y. June 2, 2010) ("Weighing of the merits is absolutely inappropriate.") As such, Defendants have failed to set forth any good reason why Plaintiff's motion should not be granted in its entirety.

Through his declaration, exhibits, and pleading, Plaintiff went beyond the "modest" factual showing necessary for conditional certification. For Courts in the Second Circuit submitting a single affidavit which details conversations with other employees, even if hearsay, have repeatedly been ruled to be sufficient for collective certification. There is a long line of cases which have repeatedly affirmed this. Most recently in *Carranza v. VBFS, Inc.*, 2021 U.S. Dist. LEXIS 64885, *10 (S.D.N.Y. 2021) the Court stated the following:

> *"It is not necessarily problematic that plaintiff submits a single affidavit, which in turn relies in part on" hearsay. Yi Mei Ke v. JR Sushi 2 Inc., 2021 U.S. Dist. LEXIS 8045, at *21 (S.D.N.Y. 2021). In this District, courts "routinely grant[] conditional collective certification based solely on the personal observations of one plaintiff's affidavit." Hernandez, 2013 U.S. Dist. LEXIS 89254, at *7 (collecting cases); see also Cuaya, 2020 U.S. Dist. LEXIS 166324, at *17. Moreover, at this preliminary stage, "courts regularly rely on plaintiffs' affidavits and hearsay statements in determining the propriety of sending notice." Cuaya, 2020 U.S. Dist. LEXIS 166324, at *17-18 (quoting Salomon v. Adderley Indus., Inc., 847 F. Supp. 2d 561, 563 (S.D.N.Y. 2012)).*

As shown above, through his declaration, exhibits, and pleading, Plaintiff GONZALEZ has provided more than enough to support an inference that Plaintiff and co-workers at the Le District were being paid improperly.

### IV. DISSIMILARITIES BETWEEN COLLECTIVE MEMBERS CANNOT DEFEAT CONDITIONAL COLLECTIVE CERTIFICATION

Defendants claim that Plaintiff's "three individual discrimination causes of action… render[] him dissimilarly situated." *See* Def Opp. ECF 29 at p. 11. Defendants fail to cite any relevant case law to support this position. In fact, controlling case law states the opposite. According to *Scott* v. *Chipotle*, all that is required for Collective Conditional Certification to be granted is for Plaintiff to create an inference as to a single legal or factual similarity material to the disposition of employees' claims and "dissimilarities in other respects should not defeat collective treatment." *Scott*, 954 F.3d at 515.

Once again, Defendants attempt to improperly conflate conditional certification of a collective and the certification of a Rule 23 class. Such an argument is improper and should be disregarded. However, Defendants' argument would not prevail even against a Rule 23 class certification motion as Defendants are unable to demonstrate Plaintiff's inadequacy to represent the class. *See Benavides v. Serenity Spa Ny Inc.*, 2017 U.S. Dist. LEXIS 142137, *31-32 (S.D.N.Y. 2017) (holding that an individual discrimination claim does not defeat class certification, "Defendants' argument that [the] discrimination claim defeats typicality 'is without merit, because it rests on a conflation of [the] racial discrimination claims (which are not brought in a representative capacity) with [her NYLL] claims (which are).'" *Benavides,* 2017 U.S. Dist. LEXIS 142137, *31-32; *quoting Spencer v. No Parking Today, Inc* 2013 U.S. Dist. LEXIS 36357 at *19 (S.D.N.Y. 2013).

## V. CONCLUSION

In accordance with Plaintiff's moving papers, the precedent of this circuit, and the persuasive review of the spirit, history, and purpose of Collective Certification found in *Turner I*, the Court must approve Plaintiff's proposed Collective.

Dated: New York, New York  
      August 25, 2021

Respectfully submitted,

LEE LITIGATION GROUP, PLLC

By: */s/* C.K. Lee

C.K. Lee, Esq. (CL 4086)  
Lee Litigation Group, PLLC  
148 West 24th Street, 8th Floor  
New York, NY 10011  
Tel: (212) 465-1188  
Fax: (212) 465-1181

*Attorneys for Plaintiff, FLSA Collective Plaintiff and the Class*