UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DENNY GONZALEZ, *individually and on behalf of all others similarly situated*,

                      Plaintiff,

            – against –

HANOVER VENTURES MARKETPLACE LLC, *d/b/a Le District*, JOHN DOE COMPANY 1, *d/b/a HPH Hospitality*, PAUL LAMAS, PETER POULAKAKOS, NICOLAS ABELLO, and DAVID COUCKE,

                      Defendants.

**ORDER**

21 Civ. 1347 (ER)

---

RAMOS, D.J.:

        On February 16, 2021, Denny Gonzalez brought this putative class and collective action against Hanover Ventures Marketplace LLC, d/b/a Le District ("Hanover"), John Doe Company 1, d/b/a HPH Hospitality ("HPH"), Paul Lamas, Peter Poulakakos, Nicolas Abello, and David Coucke.  Doc. 1.  Gonzalez filed an amended complaint on June 29, 2021.  Doc. 22.  Gonzalez brings claims under the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), Title VII of the Civil Rights Act of 1964, New York Executive Law § 296 ("NYHRL"), New York City Administrative Code § 8-107 ("NYCHRL"), and New York common law.  Gonzalez seeks unpaid wages, gratuities, and overtime, as well as liquidated damages, statutory penalties, and attorneys' fees and costs under the FLSA and NYLL.  Doc. 22 ¶¶ 1–2.  Gonzalez also seeks damages and other relief under Title VII, NYSHRL, NYCHRL, and New York common law for a hostile work environment of persistent sexual harassment.

        Gonzalez filed a motion to compel discovery and for sanctions on November 3, 2021.  Doc. 45.  However, the Court has held subsequent discovery conferences on April 1, 2022 and July 21, 2022 since the motion was filed, and the parties informed the Court via email on August

3, 2022 that "no disagreement remains regarding the scope and parameters of owed discovery." Accordingly, the motion to compel is denied as moot.

Gonzalez further stated that "the only remaining issue to be resolved under Plaintiff's November 3, 202[1] motion is Plaintiff's request for fees and costs." Specifically, Gonzalez requested attorneys' fees for the costs of making the motion and related correspondence, as well as the costs for preparing for depositions that Defendants cancelled. Rule 37(a) requires that, when a motion to compel is granted or discovery is provided after such a motion is filed, the court order the party "whose conduct necessitated the motion," its attorney, or both "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the moving party failed to make a good faith effort to obtain the discovery without court intervention, the conduct was substantially justified, or the award would be unjust. Fed.R.Civ.P. 37(a)(5)(A); *see Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12 Civ. 6608, 2014 WL 61472, at *7 (S.D.N.Y. Jan. 6, 2014). Here, the motion to compel was necessary in large part due to Defendants' position that certain materials were outside the scope of discovery, a position that the Court disagreed with in its opinion granting conditional FLSA class certification. Doc. 52. Because Defendants' objections were reasonable, albeit ultimately incorrect, it would be unjust for the Court to award fees and costs in this matter. *See Bowne of New York City, Inc. v. AmBase Corp.*, 161 F.R.D. 258, 262 (S.D.N.Y. 1995) (holding "the opposing party to an objective test of reasonableness" to determine whether their conduct was substantially justified). Once the Court issued its dispositive opinion, the disputes were ultimately resolved between the parties, and it is the Court's understanding that final discovery materials are in the process of being produced. Accordingly, the motion for sanctions is denied, without prejudice to renewal should Defendants' discovery productions remain incomplete.

The Clerk of Court is respectfully directed to terminate the motion, Doc. 45.

It is SO ORDERED.

Dated:  August 9, 2022
        New York, New York

                                                                _____
                                                                Edgardo Ramos, U.S.D.J.