**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| DENNY GONZALEZ, *on behalf of himself, and all FLSA Collective Plaintiffs and the Class,* <br><br> Plaintiff, <br><br> -against- <br><br> HANOVER VENTURES MARKETPLACE LLC, <br> d/b/a LE DISTRICT, <br> JOHN DOE COMPANY 1, <br> d/b/a HPH HOSPITALITY, <br> PAUL LAMAS, PETER A POULAKAKOS, <br> NICOLAS ABELLO, and DAVID COUCKE <br><br> Defendants. | **Case No.:** 21-cv-01347-ER |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S FOR PARTIAL
SUMMARY JUDGMENT**

C. K. Lee, Esq. (CL 4086)
Lee Litigation Group, PLLC
148 West 24th Street, 8th Floor
New York, NY 10011
Tel: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs*
*and the Class*

# TABLE OF CONTENTS

EXHIBITS ........................................................................................................................ ii

TABLE OF AUTHORITIES.............................................................................................. iii

I.     INTRODUCTION.................................................................................................. 1

II.    ARGUMENT ........................................................................................................ 1

    A.  Defendants failed to Oppose Plaintiff's Claims for Summary Judgment ............................ 1

    B.  Defendants' Conclusory Opposition Must Not Defeat Plaintiff's Motion for Partial Summary Judgment ...................................................................................................... 4

       i.   Plaintiff and Class Members Have Proven Their Claim for Invalid Tip Credit............... 4

       ii.    Plaintiff and Class Members Have Proven Their Time-Shaving Claims ..................... 6

    C.  Plaintiff and Class Members are Entitled to Summary Judgment on Their WTPA Claims . 7

    D.  Plaintiff has Demonstrated Willfulness and the FLSA's Three Year Statute of Limitations 9

    E.  Defendants Fail to Oppose Defendants' Joint and Several Liability.................................. 10

III.   CONCLUSION ................................................................................................... 10

## EXHIBITS

(All referenced Exhibits are attached to the Declaration of C.K. Lee
and on the docket as ECF 126-1 to 126-17)

**Exhibit A**  Transcript of May 21, 2022 Deposition of Defendant Paul Lamas (ECF 126-1)

**Exhibit B**  Transcript of May 31, 2022 Deposition of Le District's Director of Operations, Sebastian Muller (ECF 126-2)

**Exhibit C**  Defendants' Handbook (ECF 126-3)

**Exhibit D**  Transcript of June 15, 2022 Deposition of Defendant David Couke (ECF 126-4)

**Exhibit E**  Transcript of June 17, 2022 Deposition of Le District's Human Resources Director, Thomas Duffy (ECF 126-5)

**Exhibit F**  Correspondence from Le District's Human Resources Department (ECF 126-6)

**Exhibit G**  Defendants' Onboarding Document List, Webpage, and Social Media Postings (ECF 126-7)

**Exhibit H**  Example Pre-2018 Class Wage and Tip Notices (ECF 126-8)

**Exhibit I**  Example Post-2018 Blank Class Wage and Tip Notices (ECF 126-9)

**Exhibit J**  Example Post-2018 Filled Class Wage and Tip Notices (ECF 126-10)

**Exhibit K**  Example Wage Records of Plaintiff (ECF 126-11)

**Exhibit L**  Example Class Pay Records Produced For Pre-2020 Work (ECF 126-12)

**Exhibit M**  Example Class Pay Records Produced For Post-2020 Work (ECF 126-13)

**Exhibit N**  Notice of Violation from the New York State Department of Labor (ECF 126-14)

**Exhibit O**  Le District's Closing and Opening Check Lists for Front of House Employees (ECF 126-15)

**Exhibit P**  Example Time Records Showing Automatic Deduction (ECF 126-16)

**Exhibit Q**  Le District's Class List (ECF 126-17)

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Barfield v. New York City Health and Hosps. Corp.*, 537 F.3d 132 (2d Cir. 2008) ...................... 9

*Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253 (S.D.N.Y. 2011)............................ 5

*Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481 (S.D.N.Y. 2017) .......................................... 3

*Gamero v. Koodo Sushi Corp.*, 752 F. App'x 33 (2d Cir. 2018)..................................................... 3

*Hristova v. 3321 Astoria Inc.*, No. 17 Civ. 1633, Dkt. No. 49 (E.D.N.Y. June 27, 2018) ......... 8, 9

*Inclan v. N.Y. Hosp. Grp., Inc.*, 95 F. Supp. 3d 490 (S.D.N.Y. 2015)............................................ 5

*Jeong Woo Kim v. 511 E. 5th St., LLC*, 2015 U.S. Dist. LEXIS 135337 (S.D.N.Y. Sep. 26, 2015) ................................................................................................................................................. 9

*Lopez v. Emerald Staffing Inc.*, 2020 U.S. Dist. LEXIS 33232 (S.D.N.Y. Feb. 26, 2020) ........... 2

*Mendez v. Pizza on Stone, LLC*, 2012 U.S. Dist. LEXIS 108605 (S.D.N.Y. Aug. 1, 2012) .......... 5

*Padilla v. Manlapaz*, 643 F. Supp. 2d 302 (E.D.N.Y. 2009)...................................................... 6, 8

*Reyes v. Sofia Fabulous Pizza Corp.*, 2014 U.S. Dist. LEXIS 188734 (S.D.N.Y. Apr. 7, 2014) .. 4

**Statutes**

29 U.S.C. § 206................................................................................................................................. 6

29 U.S.C. § 216(b) ........................................................................................................................... 9

29 U.S.C. § 260................................................................................................................................. 9

N.Y. Lab. L. § 195-1 ........................................................................................................................ 8

N.Y. Lab. L. § 195-2 ........................................................................................................................ 8

N.Y. Lab. L. § 195-3 ........................................................................................................................ 8

N.Y. Lab. L. § 196-a ........................................................................................................................ 3

N.Y. Lab. L. § 652 ........................................................................................................................... 6

**Rules**

Fed. R. Civ. P. 56............................................................................................................................. 4

**Regulations**

12 N.Y.C.R.R. § 146-1.3 ................................................................................................................. 5

12 N.Y.C.R.R. § 146-2.17 ............................................................................................................... 2

12 N.Y.C.R.R. § 146-2.2 ......................................................................................................... 4, 5, 8

12 N.Y.C.R.R. § 146-2.9 ................................................................................................................. 3

29 C.F.R. § 531.59(b) ...................................................................................................................... 5

## I.  INTRODUCTION

Plaintiff DENNY GONZALEZ ("Plaintiff") submits this Reply Memorandum in response to Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment. *See* Def. Opp. at [ECF 133].

As shown below, **Defendants' opposition fails to address or even acknowledge many of Plaintiff's claims for summary judgment!** For these unacknowledged claims, the Court must grant Plaintiff's request for summary judgment as unopposed.  These undisputed claims include the following: (i) Defendants' unlawful retention of tips, (ii) Defendants' *per se* violation of failing to maintain/provide tipped employees with tip-sheets, and (iii) Defendants' unlawful requirement for excessive non-tipped work.

Even for the claims acknowledged in their briefing, Defendants provide cookie-cutter opposition which appears to be directly lifted from another case.  As may be seen in their papers, Defendants dedicate considerable briefing to a meal-credit claim, an issue never raised in this case. Defendants provide no contradicting documentary proof to contest Plaintiff's evidentiary showing that: Defendants (i) failed to provide proper tip-notices; (ii) failed to pay wages for all hours worked due to time shaving; (iii) failed to provide proper wage and hour notices; and (iv) failed to provide proper wage statements, including all hours and deductions.

In accordance with Plaintiff's moving papers, attached declarations, appended exhibits, and the below arguments, Plaintiff's motion for partial summary judgment must be granted.

## II.  ARGUMENT

### A.  *Defendants failed to Oppose Plaintiff's Claims for Summary Judgment*

As the Court is aware, in the event an employer satisfies certain notice and pay requirements, an employer may be entitled to deduct a "tip-credit" from employees' compensation,

and to pay its tipped employees beneath the minimum wage. Where these preconditions and requirements are not met, an employer is "not entitled to any tip credit, [and] they [would be] required to pay Plaintiffs full minimum wage, rather than the lower minimum wage for tipped workers." *Lopez v. Emerald Staffing Inc.*, 2020 U.S. Dist. LEXIS 33232 (S.D.N.Y. Feb. 26, 2020).

Here, despite Defendants taking a tip-credit and paying their tipped employees beneath the minimum wage, Defendants flagrantly failed to meet the tip-credit conditions. Moreover, Defendants make no argument that such preconditions were met in this case. As stated above, Defendants advance no argument against Plaintiff's claims for summary judgment due to (i) invalidation of the tip-credit caused by Defendants' unlawful retention of tips and (ii) invalidation of the tip-credit caused by Defendants' requirement of excessive non-tipped side-work.

**As to Plaintiff's first unopposed claim**, the failure to maintain and/or provide tip calculations upon request of employees is a *per se* violation of the tip credit. *See* 12 N.Y.C.R.R. § 146-2.17. New York's rules and regulations guarantee an employee's right to view and contest Defendants' tip calculations. *See id.* ("(b) Such records must be regularly made available for participants in the tip sharing or tip pooling systems to review."); *see also* 12 N.Y.C.R.R. § 146-2.17, ("(a) Employers who operate a tip sharing or tip pooling system must establish, maintain, and preserve for at least six years records which include: (1) A daily log of the tips collected by each employee on each shift, whether in cash or by credit card…"). Defendants failed to provide any tip-sheets/tip records for any member of the Class. *See* Decl. of C.K. Lee [ECF 126] at ¶ 20.

Defendants' failure to maintain records is significant in a wage case as the failure to maintain proper records triggers a burden-shifting from the employee to the employer. When an employer fails to maintain adequate records, "[c]ourts use the same burden-shifting framework to determine liability for unpaid [wages] under the NYLL and the FLSA." *Gamero v. Koodo Sushi*

*Corp.*, 272 F. Supp. 3d 481, 498 (S.D.N.Y. 2017) (brackets omitted), *aff'd*, 752 F. App'x 33 (2d Cir. 2018). "But under the NYLL, an employer who fails to keep accurate records shoulders a more stringent burden of proof." *Id.* "NYLL § 196-a provides that where an employer fails to 'keep adequate records or provide statements of wages to employees as required' by the statute, the employer 'shall bear the burden of proving that the complaining employee was paid wages, benefits and wage supplements.'" *Id.*

Here, in the face of Defendants' silence stands the affidavits of 10 tipped-employees, working across Defendants' business, who all attest to not receiving all tips. *See* Plaintiff Decl. at ¶ 6; Decl. of Perez at ¶ 5; Decl. of Johnson at ¶ IX; Decl. of Bermudez at ¶ 5; Decl. of Batista at ¶ VII; Decl. of Doherty at ¶ 3; Decl. of Fajardo at ¶ 4; Decl. of Burnett at ¶ 5; Decl. of Batista at ¶ 5; Decl. of Cruz at ¶ 3; Decl. of O'Kane at ¶ 4. In addition to this testimony, Defendants' failure to provide these records is particularly poignant due to Defendants' prior sanction by the New York State Department of Labor for failure to provide all tips to employees. *See* **Exhibit N**, Notice of Violation from the New York State Department of Labor.

**As to Plaintiff's second unopposed claim**, under the NYLL, "if a tipped employee performs non-tipped work for (a) two hours or more, or (b) for more than 20 percent of his or her shift, whichever is less, the wages of the employee shall be subject to no tip credit for that day." 12 N.Y.C.R.R. § 146-2.9. Defendants do not oppose Plaintiff's claim for summary judgment as to this claim.

Once again, Defendants' silence stands in opposition to the significant proofs submitted by Plaintiff. The deposition testimony of Defendants' former manager admits that front of house employees engages in extensive morning side-work. *See* **Exhibit D**, Coucke Dep. at p. 39:10-16. Defendants' policies contain a mandate for tipped employees to engage considerable non-tipped

work. *See* **Exhibit O**, Closing and Opening Check Lists for Front of House Employees.  Finally, the non-tipped work is testified to by 10 putative Tipped Subclass members. *See* Plaintiff Decl. at ¶ 8; Decl. of Perez at ¶ 6; Decl. of Johnson at ¶ VIII; Decl. of Bermudez at ¶ 6; Decl. of Batista at ¶ VI; Decl. of Doherty at ¶ 4; Decl. of Fajardo at ¶ 5; Decl. of Burnett at ¶ 6; Decl. of Batista at ¶ 8; Decl. of Cruz at ¶ 4; Decl. of O'Kane at ¶ 5.

Based on the evidence submitted by Plaintiff and Defendants' opposing silence, partial summary judgment as to these claims must be granted.

B. <u>*Defendants' Conclusory Opposition Must Not Defeat Plaintiff's Motion for Partial Summary Judgment*</u>

The moving party for summary judgment is required to demonstrate that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56. Plaintiff has met this burden by providing Defendants' documentary evidence, deposition testimony, and declarations of Class Members. Therefore, the Court should grant Plaintiff's request for summary judgment as Plaintiff has satisfied the standards of Rule 56 with respect to his and Class claims.

i. *Plaintiff and Class Members Have Proven Their Claim for Invalid Tip Credit*

In addition to the above uncontested violations, Defendants engaged in another violation invalidating the tip-credit as an employer must provide tipped employees with written notice "prior to the start of employment" detailing "the employee's regular hourly pay rate, overtime hourly pay rate, [and] the amount of tip credit, if any, to be taken from the basic minimum hourly rate" and informing the employee that "extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate." 12 N.Y.C.R.R. § 146-2.2. "Failure to provide adequate tip credit notice under [Section] 146-2.2 invalidates any tip credit claimed by the employer." *Reyes v. Sofia Fabulous Pizza Corp.*, 2014 U.S. Dist. LEXIS 188734, at *23 (S.D.N.Y. Apr. 7, 2014) (citing

4

12 N.Y.C.R.R. § 146-1.3). ("An employer may take a credit towards the basic minimum hourly rate…if the employee has been notified of the tip credit as required in section 146-2.2.").

Defendants have failed to satisfy the requirements for claiming a tip credit allowance under the NYLL. Under the NYLL, "[a]n employer may take a credit towards the basic minimum hourly rate" only if the employer satisfies the notice and recordkeeping requirements. 12 N.Y.C.R.R. § 146-1.3 (effective Jan. 1, 2011); *Inclan v. N.Y. Hosp. Grp., Inc.*, 95 F. Supp. 3d 490, at 498 (S.D.N.Y. 2015); *Mendez v. Pizza on Stone, LLC*, 2012 U.S. Dist. LEXIS 108605, at *11 (S.D.N.Y. Aug. 1, 2012).

Defendants do not appear to argue that they provided the requisite tip-credit notice pursuant to NYLL. Instead, Defendants argue that "The New York Department of Labor ('DOL') has used different wage notice forms over the years" and that as Defendants used the DOL form prior to 2018, their compliance with the law is an issue of fact (at least as to that period). *See* Def. Opp. [ECF 133] at p. 3. This is not true. The right to pay employees beneath the minimum wage requires compliance with the law's conditions precedents, which includes strict compliance with statutory notice requirements. "This notice provision is strictly construed and normally requires that an employer take affirmative steps to inform affected employees of the employer's intent to claim the tip credit." *Inclan*, 95 F. Supp. 3d at 497 (collecting cases). *See* 29 C.F.R. § 531.59(b) ("tip credit shall not apply to any employee who has not been informed of these requirements")); *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 287 (S.D.N.Y. 2011) (the "notice requirement is a firm one…[because] Congress expressly required notice as a condition of the tip credit[.]"). In fact, Defendants cite to no case permitting an exemption from this requirement.

In addition to the condition precedent, there is an ongoing notice requirement with which not complied by Defendants, mandating invalidation of the tip-credit. Defendants also failed to

itemize the tip credit on wage statements, which violates the tip credit notice. *Padilla v. Manlapaz*, 643 F. Supp. 2d 302, 309-10 (E.D.N.Y. 2009) (requiring an employer claiming a tip credit against an employee's wages to "furnish each employee a statement with every payment of wages listing…allowances…claimed as part of the minimum wage…" and the "employer must 'maintain and preserve for not less than six years weekly payroll records which shall show for each employee…allowances…claimed as part of the minimum wage.'") (internal citations omitted).

In Defendants' briefing, they appear to argue for a partial denial of Plaintiff's Motion for Partial Summary Judgment. Defendants do not address the period prior to January 1, 2020, for which Defendants have produced no pay records, but for the period after-2020, Defendants claim their inclusion of the following language is enough to satisfy the continued compliance requirements of the tip-credit: "→ 'NY MIN WAGE IS 15. $5 TIP CREDIT TAKEN.'" *See* **Exhibit M**, Example Post-2020 Paystubs. However, this floating language does not satisfy tip-credit requirements of listing the exact deduction in compensation being made due to the tip-credit for each pay period.

ii. *Plaintiff and Class Members Have Proven Their Time-Shaving Claims*

The FLSA and the NYLL both require that an employer pay their employees for "all hours" worked. *See* 29 U.S.C. § 206; N.Y. Lab. L. § 652 ("Every employer shall pay to each of its employees for each hour worked"). In the instant case, Defendants failed to compensate Plaintiff and Class Members for all hours worked due to their routine time-shaving practice.

Here, Defendants failed to pay all wages due to an improper automatic meal-break, which was implemented across Le District's Departments and Employees. *See* **Exhibit P**. As acknowledged, Defendants did not keep records regarding the length of the meal break, and even stated that when employees were instructed to clock-out for all breaks, employees' clock records

revealed they were not taking any breaks. *See* **Exhibit D**, Coucke Dep. at p. 26-27:17-6 (Q: Okay. And it didn't occur to you to instruct your employees to clock in or out for meal breaks; right? A: I believe we tried to put it in place, but the employee was lacking when it comes to clock in and out, so we went back to automatic deduction, automatic break.).

Supporting the assertion that Le District employees worked through lunch despite the automatic 30-minute meal-break deduction are the declarations of Plaintiff and 20 putative class members. *See* Decl. of Plaintiff ¶ 15; Decl. of Johnson at ¶ X-XIII; Decl. of Lewis at ¶ 4-7; Decl. Perez at ¶ 3-4 (testifying that he was not paid for all hours worked generally); Decl. of Bermudez at ¶ 8-10; Decl. of Heron at ¶ 6-7; Decl. of Batista at ¶ IX-XI; Decl. of Doherty at ¶ 6-9; Decl. of Lugo at ¶ 6, 8-10; Decl. of Alvarado at ¶ 4-5; Decl. of Baird at ¶ 6-7; Decl. of Rivera at ¶ 2; Decl. of Fajardo at ¶ 8-11; Decl. of Burnett at ¶ 7-12; Decl. of Batista at ¶ 10; Decl. of Lebanks at p. 1; Decl. of Cruz at ¶ 6; Decl. of O'Kane at ¶ 7; Decl. of Hunter at ¶ 5-6; Decl. of Mendez at ¶ 6.

In the face of the sworn statements of 20 former employees, Defendants proffer the confused contradicting testimony of Sebastian Muller, who goes from stating that he is unaware of an automatic meal-break is taken, to acknowledging one is taken, to stating Defendants' general policy that they are to provide a thirty-minute meal break to employees working six-hours or more. *See* Def. Opp. [ECF 133] at p.6-7. If the conclusory statement of Defendants' policy was enough to create a material issue of fact, no showing could ever be sufficient for purposes of seeking summary judgment.

    C. *Plaintiff and Class Members are Entitled to Summary Judgment on Their WTPA Claims*

New York's Wage Theft Prevention Act ("WTPA") requires an employer to provide its employees with written notice in English and the employee's primary language at the time of hiring, and prior to any changes in the information on the notice, detailing, *inter alia*, the regular

hourly pay rate; overtime hourly pay rate; the amount of tip credit claimed as part of the minimum wage; the regular pay day; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business; the mailing address if different; and the telephone number of the employer. *See* N.Y. Lab. L. §§ 195-1,2; 12 N.Y.C.R.R. § 146-2.2. The employer must also obtain from the employee a signed and dated written acknowledgement of receipt of such notice, which the employer must keep for six years. *See* 12 N.Y.C.R.R. § 146-2.2. Under the NYLL, the "**employer has the burden of proving compliance**" with this requirement. *Id.* (emphasis added).

Defendants failed to provide Plaintiff and Class Members with proper wage and hour notices as required under the WTPA. As stated above, Plaintiff, Defendant COUKE, and the following 10 declarants, all tipped employees who worked at multiple departments of Le District, attest to not being informed by Defendants of what a tip-credit was or that it would be taken: (i) Decl. of Perez at ¶ 7, (ii) Decl. of Johnson at ¶ IX, (iii) Decl. of Bermudez at ¶ 7, (iv) Decl. of Batista at ¶ VIII, (v) Decl. of Doherty at ¶ 5, (vi) Decl. of Fajardo at ¶ 7, (vii) Decl. of Burnett at ¶ 8, (viii) Decl. of Batista at ¶ 6, (ix) Decl. of Cruz at ¶ 5, (x) Decl. of O'Kane at ¶ 6. The failure to provide clear notice resulted in Tipped Subclass Members being unaware of the deductions being taken from the minimum wage. Courts have found employers liable pursuant to N.Y. Lab. L. § 195-3 when wage statements fail to include the requisite information required by law, including where the employer failed to itemize the tip-credit allowance for the period. *See e.g., Padilla*, 643 F. Supp. 2d 302; *see also Hristova v. 3321 Astoria Inc.*, No. 17 Civ. 1633, Dkt. No. 49 at *14 (E.D.N.Y. June 27, 2018) (finding defendants liable on summary judgment for failing to provide proper wage statements). In *Hristova*, wage statements listing only the tip credit minimum

wage rate, and not the prevailing full minimum wage rate with a separate tip credit allowance, were found to violate the WTPA. *Id.*

Moreover, as to earning statements, the testimony of Defendant COUKE appears to acknowledge Defendants' knowledge of their failure to record actual work time. He testifies that when Defendants attempted to track meal-breaks, the clock records showed no clock-outs for lunch, so Defendants reverted to an automatic deduction. *See* **Exhibit D**, Coucke Dep. at p. 26-27:17-6. Defendants' refusal to track real lunch breaks has resulted in a perversion of the law to each Class Member's detriment. With the full knowledge that not all meal breaks were being taken, Defendants refused to track when an employee was or was not working, and then demand the employee prove their actual work hours. By refusing to provide accurate wage statements, Defendants have injured the putative class. First, Defendants' original underpayments would not have been possible, but for the false statements in their pay records. Second, the failure forces employees to track their own hours worked for compensation and contest Defendants' inaccurate documentary evidence, an inversion of the law requiring employers to track actual work time.

D. *Plaintiff has Demonstrated Willfulness and the FLSA's Three Year Statute of Limitations*

"Under the FLSA, a district court is generally required to award a plaintiff liquidated damages equal in amount to actual damages*." Barfield v. New York City Health and Hosps. Corp.*, 537 F.3d 132, 140 (2d Cir. 2008); *see also Jeong Woo Kim v. 511 E. 5th St., LLC*, 2015 U.S. Dist. LEXIS 135337, at \*28 (S.D.N.Y. Sep. 26, 2015) (*citing* 29 U.S.C. §§ 216(b), 260) ("liquidated damages in an amount equal to compensatory damages are mandatory, unless an employer demonstrates that it has acted in good faith and did not willfully violate the statute.").

Beyond stating Plaintiff is not entitled to summary judgment, Defendants provide no grounds for departing from the general requirement of imposing liquidated damages upon a finding

of a violation of the FLSA. In this case, the general requirement for a finding of willfulness is particularly appropriate. Plaintiff's affidavits clearly demonstrate that Defendants were automatically deducting thirty minutes from worker's time with the knowledge that employees were working through lunch. The submitted supporting declarations identify the following managers as having given the instruction to work through lunch: (i) Mark [LNU], (ii) Derek [LNU], (iii) Bryce [LNU], (iv) J.V. [LNU], (v) Khalid [LNU], (vi) Benatia [LNU], (vii) David [LNU], (viii) Alvin [LNU], (ix) Sarah [LNU], (x) Richard [LNU], (xi) Anthony [LNU], (xii) Gustav [LNU], (xiii) General Manager Jacob Dougherty, and (xiv) General Manager Sebastian Muller. *See* Decl. of Johnson at ¶ X-XIII; Decl. of Lewis at ¶4-7; Decl. of Perez at ¶ 3-4 (testifying that he was not paid for all hours worked generally); Decl. of Bermudez at ¶ 8-10; Decl. of Heron at ¶ 6-7; Decl. of Batista at ¶ IX-XI; Decl. of Doherty at ¶ 6-9; Decl. of Lugo at ¶ 6, 8-10; Decl. of Alvarado at ¶ 4-5; Decl. of Baird at ¶ 6-7; Decl. of Rivera at ¶ 2; Decl. of Fajardo at ¶ 8-11; Decl. of Burnett at ¶ 7-12; Decl. of Batista at ¶ 10; Decl. of Lebanks at p. 1; Decl. of Cruz at ¶ 6; Decl. of O'Kane at ¶ 7; Decl. of Hunter at ¶ 5-6. Additionally, Defendants' failure to maintain and provide tip-records, even upon request, demonstrates a willful violation of the law.

   E. *Defendants Fail to Oppose Defendants' Joint and Several Liability*

Defendants fail to oppose Plaintiff's briefing regarding the Defendants' joint and several liability, which should be granted as unopposed.

## III.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully request that Plaintiff's motion for partial summary judgment be granted in its entirety. In the event the Court grants Plaintiff's motion for summary judgment, Plaintiff would seek leave for supplemental briefing on the amount of

damages owed to Plaintiff and the Class, of which there would not be any disputes to material facts.

Dated: New York, New York  
     November 30, 2023

Respectfully submitted,

By:   */s/ C.K. Lee*

C.K. Lee, Esq. (CL 4086)  
Lee Litigation Group, PLLC  
148 West 24th Street, Eighth Floor  
New York, NY 10011  
Tel: (212) 465-1188  
Fax: (212) 465-1181

*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*