UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DENNY GONZALEZ, *on behalf of himself, FLSA Collective Plaintiffs, and the Class*,

                        Plaintiff,

-against-

HANOVER VENTURES MARKETPLACE LLC
    d/b/a LE DISTRICT,
JOHN DOE COMPANY 1
    d/b/a HPH HOSPITALITY,
PAUL LAMAS, PETER A POULAKAKOS,
NICOLAS ABELLO, and DAVID COUCKE,

                        Defendants.

Case No.: 1:21-cv-01347

---

**ORDER GRANTING (1) PLAINTIFF'S UNOPPOSED MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, AND APPROVAL OF THE FLSA SETTLEMENT; (2) PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF PLAINTIFF'S SERVICE AWARD; (3) PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF <u>ATTORNEYS' FEES</u>**

After participating in a private mediation session, and despite their adversarial positions in this matter, Named Plaintiff DENNY GONZALEZ ("Plaintiff") and Defendants HANOVER VENTURES MARKETPLACE LLC d/b/a LE DISTRICT, JOHN DOE COMPANY 1 d/b/a HPH HOSPITALITY, PAUL LAMAS PETER A POULAKAKOS, NICOLAS ABELLO and DAVID COUCKE (collectively "Defendants", and with Plaintiff, the "Parties") negotiated a settlement of this litigation. The terms of the proposed settlement ("Settlement") are set forth in the class Agreement ("Settlement Agreement").

On July 18, 2024, Plaintiff filed for preliminary approval of the settlement, which, for settlement purposes only, Defendants did not oppose. Declaration of C.K. Lee in Support of

1

Plaintiff's Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Plan of Allocation, and Approval of the FLSA Settlement ("Lee Decl.") ¶ 14.

On July 24, 2024, the Court denied preliminary approval without prejudice and directed the Parties to submit a revised motion by August 16, 2024. (ECF Dkt. No. 150).

On August 16, 2024, the Parties filed a supplemental letter motion. (ECF Dkt. No. 151).

On August 20, 2024, Honorable Edgardo Ramos, U.S.D.J. entered an Order preliminarily approving the settlement on behalf of the Rule 23 class and FLSA collective set forth therein (the "Class" or the "Class Members"), conditionally certifying the settlement class, appointing Lee Litigation Group, PLLC as Class Counsel, appointing Arden Claims Service, LLC as Settlement Administrator, and authorizing notice to all Class Members (the "Preliminary Approval Order"). (ECF Dkt. No. 152).

The class settlement was originally contemplated at $450,000 for a class of 1,500 individuals. However, based on the increased class size of 1,868, pursuant to the Settlement Agreement, the settlement amount was increased to $571,440.

On January 22, 2025, the Court held a hearing, but because Defendants were in default of their settlement funding obligations and had not produced the class list to the administrator, following argument on settlement fairness, the final fairness hearing was adjourned to June 4, 2025.

Defendants cured default of their funding obligations and properly provided the class list thereafter. Defendants also denied admission of liability on the part of Defendants.

On May 20, 2025, Plaintiff filed a Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement ("Motion for Final Approval"), which for settlement purposes only, Defendants did not oppose. That same day,

2

Plaintiff also filed Motions for Approval of Attorneys' Fees and Reimbursement of Expenses ("Motion for Attorneys' Fees") and for Service Award ("Motion for Service Award"). The motions were unopposed and Defendants did not object to the requests for attorneys' fees, costs, or service payment.

The Court held a fairness hearing on June 4, 2025. No Class Member objected to the settlement at the hearing.

Having considered the Motion for Final Approval, the Motion for Attorneys' Fees Costs and Expenses, the Motion for Service Award, and the supporting declarations, the oral argument presented at the June 4, 2025 fairness hearing, and the complete record in this matter, for the reasons set forth therein and stated on the record at the June 4, 2025 fairness hearing, and for good cause shown,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms as set forth in the Settlement Agreement.

2. The Court approves and incorporates herein by reference the releases and waivers set forth in the Settlement Agreement, which shall be binding in accordance with the terms set forth therein.

3. This Court has jurisdiction over the subject matter of this Litigation and all matters relating thereto, and over all Parties.

4. The Court hereby adopts and finally approves, for the purpose of this Order, the definition of the settlement "Class" as that term is defined in the Preliminary Approval Order.

5. Pursuant to Rule 23, the Court confirms as final its certification of the Class for settlement purposes based on its findings in the Preliminary Approval Order and in the absence of

any objections from Class Members to such certification.

6.  Pursuant to 29 § U.S.C. 216(b), the Court approves the FLSA Settlement and certifies the collective class under the FLSA based on its findings in the Preliminary Approval Order.

7.  The Court confirms as final the appointment of Plaintiff Denny Gonzalez, as representative of the Class, both under Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b).

8.  The Court likewise confirms as final the appointment of C.K. Lee of Lee Litigation Group PLLC as Class Counsel for the Class pursuant to Federal Rule of Civil Procedure 23 and for individuals who opted into the Litigation pursuant to 29 U.S.C. § 216(b).

9.  The Court finds that the Class Notice and Collective Notice given to Class Members pursuant to the Preliminary Approval Order constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23, the Fair Labor Standards Act, and due process.

10. Pursuant to Rule 23(e), this Court hereby grants the Motion for Final Approval and finally approves the settlement as set forth therein. The Court finds that the settlement is fair, reasonable and adequate in all respects and that it is binding on Class Members who did not timely opt out pursuant to the procedures set forth in the Preliminary Approval Order. The Court specifically finds that the settlement is rationally related to the strength of Plaintiff's claims given the risk, expense, complexity, and duration of further litigation.

11. The Court finds that the proposed settlement is procedurally fair because it was reached through vigorous, arm's-length negotiations and after experienced counsel had evaluated the merits of Plaintiff's claims through factual and legal investigation. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005).

12. The settlement is also substantively fair. All of the factors set forth in *Grinnell*, which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974). Therefore, the Court finds that the settlement is adequate given: (1) the complexity, expense and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability and damages; (4) the risks of maintaining the class action through the trial; (5) the lack of any objections; (6) the ability of the defendants to withstand a greater judgment; and (7) that the Total Settlement Amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation. *Grinnell*, 495 F.2d at 463.

13. The Court also finds that the Class' reaction to the settlement was positive, as no Class Member objected to the settlement.

14. The Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Settlement Agreement by which payments are to be calculated and made to Class Members who did not timely opt out are fair, reasonable and adequate, and payment shall be made according to those allocations and pursuant to the procedures as set forth in the Settlement Agreement.

15. The Court hereby grants Plaintiff's Motion for Attorneys' Fees and awards Class Counsel their requested fees of $190,480, one-third of the Settlement Fund, plus costs and expenses in the amount of $16,474.61, which the Court finds to be fair and reasonable based on: (A) the number of hours worked by Class Counsel during the Litigation; (B) the results achieved on behalf of the Class; (C) the contingent nature of Class Counsel's representation; (D) the

complexity of the issues raised by the Litigation; (E) a lodestar cross check; and (F) Class Counsel's recognized experience and expertise in the market. The Court finds Class Counsel's hourly rates to be reasonable.

16. The Court approves and finds reasonable the service award for Plaintiff Denny Gonzalez in the amount of $10,000, in recognition of the service he rendered as Class Representative. This amount shall be paid from the Settlement Fund, subject to the terms of the Parties' Settlement Agreement.

17. The Court approves and finds reasonable the payment of the Settlement Administrator's fees to Arden Claims Service, LLC in the amount of $60,000, which shall be paid by or on behalf of Defendants, out of the Settlement Fund, according to the terms of the Parties' Settlement Agreement.

18. The Parties entered into the settlement solely for the purpose of compromising and settling disputed claims. Neither this Order, the Settlement Agreement, nor any other document or information relating to the settlement of this Litigation shall constitute, be construed to be, or be admissible in any proceeding as evidence (a) that any group of similarly situated or other employees exists to maintain a collective action under the FLSA, or a class action under Rule 23 of the Federal Rules of Civil Procedure or a comparable state law or rules, or (b) that any party has prevailed in this case.

19. After the final fairness hearing, the Court will issue an order authorizing distribution of settlement checks. Following the check expiration period, the Parties will publicly docket a list of those individuals that have opted-in by endorsing their settlement checks, and submit to Chambers *in camera* copies of all endorsed checks (front and back). A separate order dismissing the action will be entered only after the list and checks are docketed and submitted.

20.     This Action is hereby dismissed with prejudice. However, the Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement and overseeing the distribution of settlement funds. The Parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

It is so ORDERED this <u>4th</u> day of <u>    June    </u>, 2025.

The Honorable Edgardo Ramos<br>
United States District Judge